IN THE UNITED STAES BANKRTUPCY COURT
FOR THE DISTIRCT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. BK22-80865 |
| | ) | |
| DIMENSIONS IN SENIOR LIVING, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| | ) | |
| GREAT AMERICAN INSURANCE COMPANY, | ) | Case No. AP 24-8007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WILCOX PROPERTIES OF COLUMBIA, LLC, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |

**Order Denying Motion to Compel**

THIS MATTER is before the court on the motion to compel (Doc. #15) filed by defendant Wilcox Properties of Columbia, LLC ("Wilcox"). Patrick J. Kenny and Amy T. Ryan appeared for the plaintiff Great American Insurance Company ("Great American"). Connor Orr and Patrick R. Turner appeared for Wilcox. The court receives Doc. #22, Doc. #24, and Doc. #25. For the following reasons, the motion to compel is denied without prejudice.

Great American refused to produce certain documents, asserting they were protected by the attorney-client privilege. Wilcox filed a motion to compel. Inexplicably, Wilcox did not submit an affidavit stating exactly what it requested from Great American. The stated basis for the motion to compel is the privilege was waived because the opinions of counsel were shared with third parties. A copy of Great American's privilege log was submitted along with an affidavit supporting the privilege. The affidavit identified the parties with whom the information was shared – Great American's own employees.

The court will apply Missouri privilege law. "In diversity cases, privileges are determined according to the state law that supplies the rule of decision. Fed. R. Evid. 501. Rule 501 does not, however, specify which state's privilege rules control. Under the *Erie* doctrine, a federal court looks to the forum state's conflict of laws rules in determining which state's privilege law applies." *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 367 (D. Neb. 2004). As to the conflict of laws, Nebraska looks

to the law of the state with the most significant relationship. *See Johnson v. U.S. Fid. & Guar. Co.*, 696 N.W.2d 431, 436 (Neb. 2005). That state is Missouri. Missouri is where the property is located, where the damage occurred, where the debtor resides, and where the insurance contract was entered. Insurance is regulated by the states. The State of Missouri and the Missouri Department of Insurance have the interest in protecting the insured.

Under Missouri law, "[t]he attorney-client privilege protects confidential communications between an attorney and client concerning representation of the client." *State ex rel. Garrabrant v. Holden*, 633 S.W.3d 356, 359 (Mo. 2021) (en banc) (citations omitted).

> The attorney-client privilege attaches to: (1) "information transmitted by voluntary act of disclosure"; (2) "between a client and his lawyer"; (3) "in confidence"; and (4) by a means which, so far as a client is aware, discloses the information to no third parties other than those reasonably necessary for the transmission of the information or for the accomplishment of the purpose for which it is to be transmitted. A party cannot claim attorney-client privilege for communications conducted when an unnecessary third party is included in the communications.

*Id.* at 359-60 (citations omitted). "The party asserting attorney-client privilege bears the burden of proof to demonstrate that the privilege applies." *State ex rel. Koster v. Cain*, 383 S.W.3d 105, 116 (Mo. Ct. App. 2012).

Great American met its burden establishing the privilege applies through its privilege log and its supporting affidavit. Great American retained outside coverage counsel to determine coverage issues, which is a primary dispute in this case. Coverage counsel is also the trial counsel in this case defending the coverage issues. "The coverage opinion constitutes a communication between an attorney and his client and is protected by the attorney-client privilege." *Arch Coal, Inc. v. Fed. Ins. Co.*, 2006 WL 1391317, at *1 (E.D. Mo. May 22, 2006).

In its motion, Wilcox only contends the attorney client privilege does not apply because the communications were between employees of Great American and did not include an attorney. The argument fails. The employees were discussing the opinions of coverage counsel. Representatives of an entity can internally discuss communications and advice of counsel without waiving the privilege. *See Med. Protective Co. v. Bubenik*, 2007 WL 3026939, at *2 (E.D. Mo. Oct. 15, 2007) ("The Court concludes that those documents which contain communications between corporate representatives who are non-lawyers, regarding advice received from an attorney, are subject to the attorney-client privilege."); *see also Mills v. Liberty Mut. Ins. Co.*, 2017 WL 11886438, at *2 (E.D. Mo. May 10, 2017) ("Moreover, to the extent some of the documents contain communications between Defendant's employees – or are included in entries to the claim file – regarding the legal advice given from outside counsel, these communications are also a part of the confidential

communications between an attorney and client, and, therefore, are privileged."). Great American established the parties to the communications were employees with a need to know the discussions.

During the hearing, Wilcox first asserted the privileged materials are part of the claim file, which makes Wilcox entitled to it. *See Henry v. Farmers Ins. Co.*, 444 S.W.3d 471, 476 (Mo. Ct. App. 2014) (affirming "the liability claims file belongs to the insured"). But not every record of Great American concerning Wilcox is part of the liability claim file. Great American can protect legal opinions it obtains from coverage counsel. Importantly, this is not a third-party liability dispute where the insurer had a duty to hire counsel to defend the insured. It is a first-party contract coverage dispute. The interests of the insurer and the insured were never aligned. Under the circumstances, the insurer is allowed to retain outside counsel to analyze and defend the insurance contract and to advise on coverage issues. This includes the freedom to openly discuss legal issues with its counsel.

Great American also established work product privilege under federal law applies. There is an ongoing coverage dispute for which it retained outside counsel - the same counsel defending this matter. For the reasons stated above, the retention of counsel in this case created an adversarial relationship. "While the retention of outside counsel is not dispositive of when litigation is anticipated, the Court finds that in the case at bar it indicates Plaintiff's intention to challenge coverage, and the beginning of an adversary relationship between the parties." *Med. Protective Co.*, 2007 WL 3026939, at *4.

The court declines to conduct an in-camera review at this stage. The sole basis for the motion to compel is legally insufficient. It is also not factually supported.

> To be entitled to an in-camera review of allegedly privilege[d] documents, Plaintiffs must first make a "threshold showing of a factual basis adequate to support a good faith belief by a reasonable person" that the attorney-client privilege does not apply. This is not a stringent standard and requires less of an evidentiary showing than is required to ultimately overcome the privilege. If the threshold is not met, the Court upholds the privilege and need not review the documents in camera.

*Energy Creates Energy, LLC. v. Brinks Gilson Lione, P.C.*, 2020 WL 3087019, at *4 (W.D. Mo. June 10, 2020) (citations omitted). Counsel for Wilcox offered no evidence other than Great Western's privilege log. The sole basis for the motion is Great Western discussed legal advice internally by e-mail and Wilcox wants to see the e-mails.

The court is willing to revisit the issue, for example, if the pleadings, written discovery, or depositions support outside counsel acted in any way as counsel for the debtor, support outside counsel acted as an adjuster, or support Great American is using the privilege as a sword instead of a shield, which has not yet been

established. Presumably such evidence would come from the insured or its employees. This is neither an invitation nor authorization to seek discovery from outside counsel themselves.

        Dated: August 7, 2024

                      BY THE COURT

                      /s/ Brian S. Kruse
                      Brian S. Kruse