UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. BK22-80860 |
| | ) | |
| DIMENSIONS IN SENIOR LIVING, LLC, *et al.*, | ) ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| GREAT AMERICAN RISK SOLUTIONS SURPLUS LINES INSURANCE COMPANY, | ) ) ) | Case No. AP 24-8007 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| WILCOX PROPERTIES OF COLUMBIA, LLC, and MARKET READY LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the court's order to determine the plaintiff's interpleader claim (Doc. #53), on the plaintiff's motion to file an amended complaint (Doc. #60), and on the motion to abstain (Doc. #45) filed by the defendant Wilcox Properties of Columbia, LLC ("Wilcox"). Amy Ryan appeared for the plaintiff Great American Risk Solutions Surplus Lines Insurance Company. Patrick Turner and Connor Orr appeared for the defendant Wilcox. Market Ready, LLC has not answered or entered an appearance in the case.

**Findings of Fact**

According to the complaint, Wilcox operated an assisted living facility in Columbia, Missouri. Wilcox is a resident of the State of Missouri. The plaintiff is headquartered in the State of Ohio. It insured the facility under two separate property casualty policies, one for the year 2022, the other for the year 2023. A portion of the facility was a four-story hotel built in the 1920s. The Missouri Department of Health and Senior Services closed the facility due to structural issues. The closing led to Wilcox filing its Chapter 11 petition on November 21, 2022. The facility was vacated in December 2022. On or about December 24, 2022, a water pipe ruptured causing damage. Wilcox notified the plaintiff of the damage on January 19, 2023. The plaintiff retained a claims management company and an environmental specialist

who worked together to evaluate the claim. They estimated the actual cash value of the claim as $167,387.29.

Wilcox filed a motion in its bankruptcy case on September 8, 2023, seeking approval to sell the facility to Market Ready. The motion was granted on October 13, 2023. The order granting the motion authorized the sale of Wilcox's real estate assets. But the sale did not include any insurance claims or proceeds of insurance claims, which were expressly not assigned or sold.

In October 2023, Wilcox and Market Ready separately advised the plaintiff of vandalism and theft which started in September 2023. The vandals removed copper piping and wire. The vandals damaged the ceilings, flooring, tile, doors, and windows. The plaintiff inspected the facility again. Its inspectors found an extensive amount of mold.

The plaintiff filed this action seeking to interplead $157,387.29, the original damage estimate of $167,387.29, less a $10,000 deductible. The plaintiff alleged Wilcox and Market Ready each claimed an interest in the policy proceeds, and the plaintiff could not pay any claim regarding the facility without exposing itself to risk of multiple liability. The complaint also contains claims for declaratory judgment. Specifically, the plaintiff seeks a declaration its liability under the policies is limited to the $157,387.29 it desired to interplead. Wilcox filed a counterclaim seeking at least $5,000,000 in damages, plus a 10% penalty, plus attorney's fees under Missouri law. Market Ready did not respond to the complaint.

Wilcox confirmed a Chapter 11 plan of liquidation on November 22, 2024 (BK22-80860, Doc. #486). According to the proposed amended complaint (Doc. #60), on December 23, 2024, Wilcox filed a lawsuit in the Circuit Court of Boone County, Missouri (Case No. 24BA-CV06028) against the plaintiff and against Market Ready seeking damages under the policies at issue in this case. Four days later, Wilcox filed a motion in this court requesting it abstain. (Doc. #45). During the original hearing on the motion, the court ordered the validity of the interpleader be decided concurrently with the motion to abstain. The plaintiff was ordered to file a motion to interplead the funds it asserts are at issue by February 17, 2025. (Doc. #53). The plaintiff timely filed the motion but withdrew it on March 21. (Doc. #56; Doc. #61).

On March 21, 2025, the plaintiff filed a motion to amend its complaint to remove the interpleader claim and seek only declaratory relief. (Doc. #60). The motion was filed just over one month after the deadline to amend pleadings. (Doc. #43; Doc. #44). The proposed amended complaint also seeks to add Wilcox's lender, American National Bank, as a party who may claim an interest in the insurance proceeds.

During the hearing on the motion, the plaintiff orally requested the court dismiss its counterclaim.

## Conclusions of Law

### *Interpleader*

The portion of plaintiff's complaint seeking interpleader is dismissed because the plaintiff did not establish grounds to interplead $157,387.29.

> Interpleader is a procedural device whereby a party holding money or property concededly belonging to another may join in a single suit two or more parties asserting mutually exclusive claims to the fund. The stakeholder is thereby freed from the threat of multiple liability and/or the vexation of multiple lawsuits.

*Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976). Interpleader involves two steps. The first requires the court determine whether the holder of the fund can "compel claimants to litigate their numerous claims in one proceeding and to confine total recovery to amount not exceeding the deposited fund." *Great Am. Ins. Co. v. Bank of Bellevue*, 366 F.2d 289, 293 (8th Cir. 1966).

There is no evidence the plaintiff risks paying multiple recoveries. Market Ready has not appeared. The plaintiff offered no evidence Market Ready claims any amounts under the insurance policies. And Market Ready was not assigned any rights under the policies. There is also no basis to confine the recovery to $157,387.29. Wilcox does not seek this amount. It seeks at least $5 million under the policies. The plaintiff does not seek to adjudicate Wilcox's loss. It seeks to limit the loss to $157,387.29. This is not a proper use of interpleader. "Interpleader being a remedy solely for the protection of the stakeholder, it may not be used by the stakeholder as a weapon to defeat recovery from funds other than the one before the court." *Id. at* 294. "The law will not allow an interpleader to avoid its liability on funds not pleaded and not before the court by the back door method here urged." *Id.*; *see also Gaines*, 539 F.2d at 1142 ("A stakeholder may not compel a party to litigate his claim in interpleader unless he deposits with the court an amount equal to the sum claimed by that party."); *Acuity v. Rex, LLC*, 929 F.3d 995, 1001 (8th Cir. 2019) (requiring the interpleading party deposit "at the very least 'the largest amount for which it may be liable in view of the subject matter of the controversy.'"). The request to interplead fails as a matter of law and the claim is dismissed.

### *Abstention*

Abstention is proper in this case. Jurisdiction for bankruptcy cases arises under 11 U.S.C. § 1334. Under subsection (c)(2) of the statute, the court may abstain from a proceeding "based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction". In determining whether to abstain, a court must keep in mind "the premise that federal courts should exercise their jurisdiction."

*State of Florida ex rel. Florida Dep't of Ins. v. Fulkerson (In re Fulkerson)*, 2013 WL 3353844, at *2 (Bankr. D. Neb. July 3, 2013). "[A]bstention is the exception rather than the rule." *Id*. In determining whether to abstain, the court considers the following factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficult or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*Id*. at *2–3. Application of the factors favors abstention.

The plaintiff's declaratory judgment action will, at best, not impact the administration of the estate. The debtor's Chapter 11 plan of liquidation is confirmed. At worst, the declaratory judgment action will actually impede the efficient administration of the estate. Although this case has been pending for some time, the plaintiff's proposed amended complaint adds a new party, American National Bank. The addition of a new party returns this case to square one. In addition, the plaintiff does not seek to adjudicate the plaintiff's liability under the policies. Instead, the plaintiff seeks a declaration it owes no money under one policy, and only $157,387.29 on the other. The complaint seeks only to limit the plaintiff's liability. The plaintiff does not seek to determine Wilcox's actual damages if declaratory relief is denied. The plaintiff, in effect, is asking this court to hear only affirmative defenses. Those defenses are best handled in the court hearing the underlying dispute.

The majority of the other factors also favor abstention. State law issues predominate over bankruptcy issues. The claims are not core bankruptcy claims. There are, in fact, no bankruptcy claims to resolve. The claims are purely state law insurance claims. There is no basis for jurisdiction in this court under 28 U.S.C. § 1334. There are multiple state law cases already pending in Missouri courts involving claims and rights of non-debtor parties, including American National Bank. If Market Ready or American National Bank have claims against the plaintiff, this court's ability to hear them is not certain. The state law claims include a right to a trial by jury. It seems more likely than less the plaintiff selected this forum to limit its liability rather than adjudicate the merits of the claims in state court. There is no evidence

supporting the originally asserted basis for jurisdiction, interpleader under 28 U.S.C. § 1335. The remaining factors regarding abstention are neutral.

### *Dismissal of Counterclaim*

Wilcox requested this court abstain from hearing this case or, in the alternative, dismiss its counterclaim. The court accepts the request as an oral motion to dismiss. "A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial". Fed. R. Civ. P. 7(b)(1) (made applicable in adversary proceedings by Fed. R. Bankr. P. 7007). The request is not improper. It was made during the hearing. A party may obtain a voluntary dismissal by court order "on terms that the court considers proper". Fed. R. Civ. P. 41(a)(2) (made applicable in adversary proceedings by Fed. R. Bankr. P. 7041). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). The plaintiff will suffer no prejudice from a dismissal of Wilcox's counterclaims. As noted above, interpleader caselaw is clear. The plaintiff, not interpleading the amount in controversy, cannot compel Wilcox to adjudicate its claims in this court. Also, the plaintiff's claims for declaratory judgment are not dismissed. The plaintiff having to defend in Missouri state court a state law insurance claim regarding a policy issued in the state of Missouri and regarding real property located in the State of Missouri is not prejudicial. Therefor Wilcox's counterclaim can be dismissed without prejudice.

### *Motion to Amend Complaint*

Because the court abstains from hearing the complaint, it will not consider the motion to amend the plaintiff's complaint to add additional parties to its claims for declaratory judgment.

### Conclusion

The plaintiff's claim for interpleader is dismissed. Wilcox's motion to dismiss its counterclaim is granted. The court abstains from hearing the plaintiff's complaint. A separate order will be entered.

Dated: March 28, 2025

BY THE COURT

/s/ Brian S. Kruse
Brian S. Kruse
Bankruptcy Judge